**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Kyle Stringham,

Plaintiff,

v.

Auto Owners Insurance Company, et al.,

Defendants.

No. CV-26-02825-PHX-DWL

**ORDER**

This is an insurance coverage and claims-handling action arising from Plaintiff's claim for underinsured motorist ("UIM") benefits under a policy issued by Defendant. (Doc. 1-3 at 2-9.) The underlying accident occurred in July 2024 and Plaintiff filed suit in Maricopa County Superior Court in February 2026. (*Id.*) In April 2026, Defendant removed the action to this Court based on diversity jurisdiction. (Doc. 1.)

In June 2026, the parties filed the Rule 26(f) report. (Doc. 12.) In that report, Defendant described its position as follows:

> Defendant denies Plaintiff's allegations of bad faith and contends that Plaintiff's claims are premature because the investigation and evaluation of the underlying claim have not been completed. Requests for authorizations and prior medical records are outstanding, and a contractually-required Examination Under Oath ("EUO") and Independent Medical Examination ("IME") of Plaintiff remain to be completed. Defendant has requested these authorizations and records and has requested that Plaintiff submit to the EUO and IME, but Plaintiff has refused to provide the requested materials or to appear for the EUO and IME, and has advised that he will not agree to any stay of these proceedings to allow that investigation to be completed. Defendant contends that Plaintiff's refusal to cooperate constitutes a breach

> of the policy's cooperation clause and a failure to satisfy conditions precedent to coverage . . . .

(*Id.* at 4.) To that end, Defendant also requested "leave to file an early motion for summary judgment on the ground that Plaintiff has breached the policy's cooperation clause and failed to satisfy conditions precedent to coverage—including the contractually-required EUO and IME and the production of the requested authorizations and prior medical records—thereby barring Plaintiff's contractual and extra-contractual claims as a matter of law." (*Id.* at 8.)

On September 10, 2026, after this leave request was granted (Doc. 15), Defendant filed the contemplated summary judgment motion, arguing that "Plaintiff's breach of the Policy's cooperation clause and failure to satisfy conditions precedent to coverage bar his contractual and extra-contractual claims as a matter of law." (Doc. 18 at 2.) More specifically, Defendant contends it should prevail because (1) Plaintiff breached the policy's cooperation provision; and (2) Defendant suffered substantial prejudice as a result of the breach. (*Id.* at 9-12.)

Now pending before the Court is the parties' joint notice of discovery dispute, which was filed on September 25, 2026. (Doc. 20.) In a nutshell, Defendant seeks a stay of discovery until its summary judgment motion is resolved while Plaintiff opposes the stay request. (*Id.*)

"Courts have traditionally looked unfavorably upon blanket stays of discovery while [dispositive] motions are pending" and have thus required the "party seeking a stay of discovery [to carry] the heavy burden of making a strong showing why discovery should be denied." *Espinoza v. Trans Union LLC*, 2023 WL 3994846, *2 (D. Ariz. 2023) (cleaned up). District courts often "employ a three-prong test to determine whether a stay is appropriate: 1) the pending dispositive motion must be potentially dispositive of the entire case; 2) the court must either be convinced that the dispositive motion will be granted, or the court must find that a clear possibility exists that the dispositive motion will be granted; and 3) the court must be able to resolve the dispositive motion without any additional

discovery." *Cebrynski v. Wells Fargo Bank NA*, 2022 WL 2290561, *1 (D. Ariz. 2022) (cleaned up).

The Court will focus on the third factor here. In the joint notice, Plaintiff argues that "[t]he Court cannot resolve the Motion without the withheld discovery" because the second element Defendant must establish, i.e., substantial prejudice as a result of the alleged breach of the cooperation provision, "is measured not by what Plaintiff did, but by what [Defendant] needed to evaluate the claim, what it already had, what it could still obtain, and whether the asserted gaps in fact impaired its evaluation. Those facts are in [Defendant's] exclusive possession. [Defendant] has placed its claim handling at issue and now asks to be excused from answering questions about it. The withheld discovery goes to the elements [Defendant] must prove: interrogatories requiring it to state under oath what information it lacked and how each asserted breach impaired its evaluation—the prejudice element itself; requests for admission fixing what it received and when; requests for production of claim-handling guidelines, evaluations, and internal communications bearing on whether the examination under oath and pre-accident-provider demands were necessary or came only after its evaluation was complete; and the adjuster's deposition, the only means of testing a prejudice theory backed by no sworn testimony." (Doc. 20 at 5.) Plaintiff further contends that Defendant's production of the "claim file" does not obviate the need for further discovery because the produced materials do not "include claim-handling guidelines, evaluations, reserves, or the adjuster's testimony." (*Id.*)

The Court finds these arguments persuasive. As the Arizona Supreme Court has explained, "[e]ven if an insured breaches a cooperation clause, the insurer may not use that fact as a defense unless the breach has caused substantial prejudice. . . . [W]hether an insurer has suffered substantial prejudice as the result of a breach of the cooperation clause is generally a factual question. It is the insurer's burden to show actual prejudice before it can avoid liability under the insurance policy." *Holt v. Utica Mut. Ins. Co.*, 759 P.2d 623, 630 (Ariz. 1988). *See also U.S. Fidelity & Guar. Co. v. Powercraft Homes, Inc.*, 685 P.2d 136, 141-42 (Ariz. Ct. App. 1984) ("Delay alone is not a sufficient showing of prejudice.").

Thus, although Defendant's pending summary judgment motion includes developed arguments as to why substantial prejudice exists here (Doc. 18 at 11-12), Plaintiff is not required to uncritically accept those arguments and is instead entitled to pursue discovery—beyond production of the claim file—bearing on the issue of prejudice. *Cf.* Fed. R. Civ. P. 56(d)(2).

Accordingly,

**IT IS ORDERED** that to the extent the joint notice of discovery dispute (Doc. 20) is construed as a motion to stay discovery, it is **denied**.

Dated this 1st day of October, 2026.

Dominic W. Lanza
United States District Judge